Our final case this morning is Jaime v. Department of Veterans Affairs. Ms. Winshaw? Winshaw. Winshaw, thank you. May it please the Court, I represent the veteran Richard Hahn and the issue here is whether the Veterans Court properly interpreted the VA's duty to assist under Section 5103A requiring VA to obtain medical records in a veteran's claim even when the veteran is trying to reopen. Is that an interpretation of the statute or is the question whether these notes were material and that's a fact question? Well, it's not a question of materiality in this case. That would go to the specific issue of did the veteran submit new and material evidence to try to get the VA medical records which appear to be missing from the case before they made a decision on that. It's an interpretation of law because the Veterans Court, if you look at their opinion, which is on page 85 of the record, says he hasn't proved that there are medical records that have not been obtained. Now, there's nothing in the statute requiring the veteran to conclusively prove. But he has to adequately identify and identify and then furnish information sufficient to locate, right? Well, now the adequately identify language does not appear in the section of the statute specifically referring to VA medical records. If you look at 5103AC, which is where we talk about obtaining records and compensation disability claims, which this is, Section 2 is the section which refers to VA medical treatment records. Right, and the government has argued that sufficient to locate is actually a lesser burden than adequately identify, is that right? I don't believe the government has... Well, they drew that distinction, I think, because they thought they were operating under a different section of the statute, but... Well, perhaps, but at any rate, in this case, we're talking about VA medical records. So, we definitely are looking to locate the records, and would these records be relevant? And those are really the two questions. Now, is there... Not the fact questions, there are applications of the statute relating to the duty to assist to these issues, not a fact. Well, there's always facts involved. I mean, we can't get around this. There are always going to be facts. But this court has said on a number of occasions that if, as applied to the same facts, if, in fact, the court's interpretation of the law or the way they specified the law... What's the error in the law here that you see? That the Veterans Court said the veteran had the duty, apparently, because they said, no duty to get records, because he didn't prove that there were records. Now, there's nothing in this statute requiring that. What we do have is strong evidence that there are mis-arrangements. So, you read the Veterans Court as requiring, putting a burden on the veteran to identify records? What is the improper burden? Okay. What the court says in the last, roughly the last paragraph, page A5, these notes reference the fact that he had hypersitis, but they do not provide nexus evidence, which would, again, not go to the duty to assist. It would go to materiality. Okay. Nor do they establish that there are other records not reasonably obtained by VA. Well, there's no duty that the veteran somehow prove in advance that there are records. How could he prove that? In this case, we know, there's no question, that there were VA treatment records that were not part of the original record. He submitted a record from 1981, which the board, VA, everybody acknowledged was new. That wasn't in the records they got the first time. So, right there, we have established that they didn't get all the records first time around. Now, when you put together the records they do have, we show an early June record saying, we're going to start physical therapy. The record that the veteran submitted showed a late June statement, we've decided to discontinue physical therapy because it wasn't very effective. Nothing in the middle. There are no physical therapy records whatsoever. Veteran has stated to the board, from the record it appears that the VA has made reasonable efforts to assist Mr. Heim. How do we get around that? That's kind of a finding that's quite clear that they've made. Well, VA made no efforts to assist Mr. Heim. All right. So, there's no dispute that they didn't go get these records. There's no dispute that they never made any requests for any records. So, by saying that the VA has made adequate efforts, the Veterans Court is saying there wasn't a duty to get any records. Now, why is there no duty to get any records? Apparently, according to the Veterans Court decision, because he didn't prove ahead of time that there absolutely were records. So, your argument is that, I assume based on your brief, that Moore says, that our decision in Moore says that the obligation goes beyond that. That he doesn't have to say record X exists and it's dated Y and you have to go get this. All he has to do is identify the fact of the treatment, the location of the treatment, enough to locate the doctor. Yes, Your Honor, because otherwise, if you said he has to somehow conclusively prove it, then he's going to have to have those records to submit. And if you make that a He did not. He told them he had had physical therapy and gave them these other records. He gave them the 1981 medical treatment note, right? He did find a note in his records. But on that, the Veterans Court says, this alone does not establish the existence of additional missing medical records. That's correct, but if you look at the entire record, we know that there were missing records. What the Veterans Court has to be saying is more missing records. How do we know that? Because everyone acknowledged, the regional office, the board, they all acknowledged that this record he submitted was new. It was not in the record previously. And it related to prior treatment. Exactly. And there was no record of the prior treatment. Right. And specifically stated that they were discontinuing physical therapy. That wasn't in the record the first time around. So right there, we know that they didn't have all the records from the first time around. You know, there are records missing. Now, how can the veteran know that? As a practical matter, in the veteran's system, a veteran doesn't know what's in his file until it gets to the court. VA does not routinely, unless he's savvy enough to go in there and say, give me a copy of my claims file so I can go through it. This is never provided to the veteran without a considerable amount of effort on his part. The first time you necessarily know about this is when there is an appeal to the Veterans Court because at that point, you get a complete copy of the record. So as a veteran operating in the system, he didn't necessarily know. He had to go on their statement, well, we've gotten all the records. Right. And the government doesn't really make a relevance argument here, do they? I mean, unlike the circumstances in the Gold's case where you're talking about a physical problem versus a mental problem. I mean, there's no question that these records relate to the very problem from which you're speaking. Well, they make passing reference to it because they say this doesn't deal with nexus, it's hypersitus. But if you look back at the original decision denying compensation, that's one in which the board said, yes, there's an opinion from the Chief of Rehab Medicine at VA establishing nexus or saying that the two are related. There was no question he had hypersitus, no question that he had a service-connected shoulder disability. If it was so obvious that the medical records dealing with therapy on his right shoulder were going to produce evidence about his left hip, why wouldn't the veteran have asked for those records? Because he didn't necessarily know that they were not in the file. VA had said previously, we got all your records of treatment. And the government sent him a notice saying, we're going to get all your records, right? Yeah, they always say that they'll get the records. But in terms of relevance here, since this is a new and material evidence case and whether or not there's new and material evidence to reopen, you have to look back to the reason that it was originally denied. In this case, it was denied because the board said, we don't think the shoulder disability was serious enough to cause any other effects. So from that perspective, physical therapy records of the treatment on his right shoulder would be very relevant to it because we don't know what's in them, but Moore says you can't just make a guess that there won't be anything helpful. And realistically, physical therapy records are likely to contain evidence about range of motion, body movements, and so forth. It's highly likely that it would contain it. Certainly enough to meet the standard to simply ask VA to write to the medical center or send an email to them and simply say, do you have any records of Mr. Heim's treatment in June 1981? Right, so they've got the date, they've got the doctor, they've got the hospital. They've got what kind of treatment it is. I can't imagine what else they would need to request VA medical treatment records. I'd like to save you rebuttal time, Ms. Wischel. Yes, thank you very much. Thank you. Ms. Gerber? May it please the Court. I just want to start by making a clarification on the adequately identified point. Adequately identifying that term actually does apply to the C2 subsection because 5103AC begins, the assistant provided by the secretary under subsection B shall include obtaining the following records if relevant to the claim. And then 5103AB says the secretary shall make reasonable efforts to obtain relevant records that the claimant adequately identifies. So adequately identifies. But to the extent that you distinguished Moore on the grounds that Moore was only looking at sufficiently to locate that you're now conceding that that's not a basis to distinguish. Moore actually wasn't a C2 case, it was a C1 case. That's right, but your very argument you're making right now would have to have applied to C1, too. Yes, that's correct. Okay, so the grounds that you used to distinguish Moore are no longer appropriate, but you're saying that you think that this is all wrapped up and maybe Moore got it wrong? No, Your Honor. C1 requires getting service medical records without any further discussion about sufficient to locate or having to give particular evidence about where those records are because they're all in one central location. And the only point there is that C2 requires some sort of identification by the veteran, this is where my records are. That's not really at issue here. So I just wanted to put that aside first. We can't be arguing about facts here. That's correct. With all the facts that the Veterans Court has made clear that it was reasonable what they did, what's the legal error that the government could have made? Well, we don't believe there was a legal error, obviously. Mr. Heim appears to be arguing that... Did you place a burden on the veteran that the veteran should not have received under the statute? No. The language that was cited earlier saying that the new records do not establish that there are other records that haven't been reasonably obtained, that is the Veterans Court applying the clearly erroneous standard to the Board's decision that the duty to assist was satisfied. So it's saying that on the record, there's no reason to say that the Board was clearly erroneous and that's an application of fact to law. That's a distinction of we've looked at these facts, there's nothing here that says that VA obviously had to go find records that were obviously missing, that these two notes don't seem to suggest that there are other records other than these two. Well, let me ask you, the Board sends notices out to every veteran saying we'll get all your records as long as you identify them. So he tells you where he had treatment, the dates he had treatment, the doctor he had treatment with, and what he had treatment for. Right. And you think that in those circumstances, that's not enough information to say that the VA has to fulfill exactly what it told the veteran it would do, which is go get those records. So the Board already did have records from that location, from that doctor. Just a couple. It had evidence of, well, as pertinent to his bursitis and his right shoulder condition, it had some documents from 1981. It also had documents, the record also had documents about other conditions. But it was clear there were, that the totality of his treatment there was not encompassed within the records before the Board. It's not clear that there would actually be documents of the time in June between when the... So you're saying that she's right, that the VA's view is that a veteran has to tell them exactly what document might be there. No. No, Your Honor. The veteran does not have to identify a particular progress note or a particular item that has to be there. But when the veteran doesn't make a particular identification, then when all it has before it is, well, there are records here, do we think that there is going to be other evidence that would be relevant to the claim? And relevance in this case, because we are talking about reopening a case, it would have to be on the issue of nexus, because that's the only element that's left. Well, what about the argument that the original denial, because there was clearly a nexus letter that was supplied. Yes. But the original denial said there wasn't enough evidence of the severity of the shoulder injury to accept that nexus determination. That wasn't the only reason it didn't accept nexus. It also, the original determination also said because the bursitis hadn't come until several years after he had already been with this right shoulder injury. And in particular, the determination at that point of whether or not more evidence about the right shoulder condition by itself would be adequate to develop nexus, that's a factual determination about the particular facts of this case. But even if you look at Bowles, the case that you rely upon, where there clearly was a dramatic difference in relevance, because we're talking about mental versus physical, even in there, Judge Moore's opinion says, in close or uncertain cases, the VA should be guided by the principles underlying this uniquely proclaimed system, and should, in those cases, go and obtain the records. And Judge Mayer in his decision in Moore was pretty pointed with respect to the fact that if you've got enough information, and here you had all those things that I identified before, that you need to just go get them. If I may quote another section of Bowles, the opinion also... But hasn't the court below made a factual finding that there was no reason to believe that there were any missing records? Right. And they made reasonable efforts to get whatever records had been identified and could be adequately located. How do we get around those facts? That's exactly it, Your Honor. And what I was about to quote from Bowles is that... They did everything, in other words, that the statute requires and seemed to have done even more. The factual determination of the relevance of other records is a factual determination that this court in Bowles said this court does not have jurisdiction to review. And as you pointed out, Your Honor, the VA did find the records, had before it the records from the VA Medical Center, and the board determined that it had satisfied the duty to assist, and that's a factual determination. And in applying the clearly erroneous standard, the court below affirmed that. And that's an application of fact to law that this court does not possess jurisdiction to review. Thank you. If there are no further questions... Thank you, Ms. Gerber. Thank you. Ms. Wischow, you have a little more than 4 minutes remaining. Thank you. First of all, the fact that the court was applying a... or said they're applying a clearly erroneous standard is not dispositive, because in that case we could never look at anything. The question is, did they apply the right standard of law to these facts? If they had not required the veteran to make a preliminary proof apparently that records existed, would the result have been the same? You know, a good way of looking at this, suppose the statute did in fact say you have to first prove conclusively that there are records. Then it would be a question of application of law to facts if we were trying to decide if the veteran's evidence was enough. Here we're not saying that, though. We're saying the veteran doesn't have this burden that is not part of the statute. They also say it's not clear that there would be additional records. Well, we know there was additional treatment. Now, there are some things that are done in the normal course of business, and I think it is fair for everyone to assume that if there's treatment, there are likely to be records of that treatment. Now, granted, perhaps the hospital just doesn't bother to keep any records, but that's not very likely. Also, Ms. Gerber was saying that the other reason was that the hip problem didn't manifest earlier. That's really not at issue here, because we're not arguing that the hip problem occurred during service. They were just trying to cover the question of direct service connection, I believe, as opposed to secondary service connection from the shoulder. So that's not really even pertinent to the arguments that we're making in this case. One other thing that should be noted in just clarifying the record is the board says that Mr. Hahn was represented by counsel at this point. That's not accurate. This case came up before the law was changed to allow representation at an earlier stage. VA tends to get a little confused when a veteran is being represented on some claims and not others. Our firm was representing him on a claim he had for diabetes for Agent Orange, as related to Agent Orange exposure. And towards the end of the joint appendix, I did add the letter from the file that we sent to VA telling them what issues we represented him on. And they didn't quite get this straight. And that's just important to realize he did not have the assistance of counsel, nor was he working with a service representative when this was done. So he was acting as a completely unrepresented solo veteran trying to get his case established. He did not know what was in the record. He had no way of being able to prove that there were medical records short of bringing in the records themselves. The way the Veterans Court has interpreted this would result in there being no duty to assist in getting medical records unless the veteran already had the records to give them, to say, here they are. So is it really the legal error here that they identified, they defined adequate identification as requiring something more than the date, place, and nature of the treatment? Well, yes, that they required him to prove that there were records. And we simply cannot that would make 5103A meaningless. If you had to provide them the records before they had a duty to get the records there would never be a duty to assist in any case where it was needed. And that can't be right. Are there any further questions? Thank you very much. That concludes our morning. All rise. Court will be adjourned tomorrow morning at 2 o'clock.